CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JUN 25 2012
JULIA C. DUDLEY, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| MICHAEL HARRIS, et al., | ) | CASE NO. 5:12CV00045 |
| Plaintiffs, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JEFFREY SETO, et al., | ) | |
| Defendants. | ) | By:  B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

Michael Harris ("Harris"), proceeding *pro se*, and M.F. Harris Research, Inc. ("Harris Research"), which Harris joined as a party plaintiff, is proceeding without counsel admitted to practice in the Western District of Virginia[1]. Plaintiffs have filed this action against Jeffrey Seto; Deep Blue, Inc.; Kevin Kendrick; Matthew S. Johnson; Nancy Ferguson, and Dr. Stephen Guthrie, M.D., Ph.D. On April 26, 2012, the case was referred to the undersigned pursuant to authority of 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and to submit to the presiding District Judge a report setting forth proposed findings of fact, conclusions of law, and a recommended disposition on dispositive motions. In that connection, on May 22, 2012, defendant Matthew S. Johnson filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). For the reasons set forth below, the undersigned RECOMMENDS that an Order enter GRANTING defendant Johnson's May 22, 2012 motion to dismiss with prejudice.

At the outset, the undersigned notes that the Complaint sets forth no allegations of fact to support the claims asserted by plaintiffs. Rather, the Complaint merely simply sets forth what the undersigned

---

[1] A corporation cannot proceed either *pro se* or solely through one of its officers or shareholders. *In re Tamojira, Inc.*, 20 Fed. Appx. 133, 134 (4th Cir. 2001) ("[I]t is well settled that a corporation must be represented by an attorney in federal court.")

views as a list of claims against the defendants, some identical and others in addition to those listed on the face of the Civil Cover Sheet filed with the Complaint. The Civil Cover Sheet plaintiffs submitted with the Complaint lists the following causes of action: fraud, violation of fiduciary duties, intellectual theft, physical threats, obtaining money under false pretenses, and mail fraud. (Dkt. No. 1, Exhibit 1, p.1.) There is no indication in the Complaint whether defendants are being sued in their individual capacity or as representatives of the corporate defendant, Deep Blue, Inc.

## BACKGROUND

On May 15, 2009, plaintiff filed a Complaint in *Harris, et al. v. Seto, et al.*, Civil Action Number 7:09CV00182, in the Roanoke Division of the Western District of Virginia. On September 28, 2009, the Hon. Samuel G. Wilson, presiding District Judge, entered an Order directing plaintiffs to file proof of service within thirty days. Plaintiffs did not comply with the Order, and Judge Wilson dismissed the case without prejudice. On January 10, 2011, plaintiff Michael Harris filed a motion to reopen the case. The motion was denied on the bases that plaintiffs failed to show service of process and the Complaint failed to include a short and plain statement of claims showing that they were entitled to relief. Plaintiffs were advised that they could file a new Complaint which complied with the Federal Rules of Civil Procedure.

On April 25, 2012, the same Complaint filed in Roanoke was re-filed in the Harrisonburg Division of this court. (Dkt. No. 1.) This is the Complaint now before the undersigned. Defendant Mathew S. Johnson was served, and on May 22, 2012, he filed a motion to dismiss and brief in support thereof. (Dkt. Nos. 5, 6.) The Clerk of Court issued a Roseboro Notice to the plaintiffs on May 24, 2012 advising them as follows:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary

2

that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute</u>.

(Dkt. No. 7.) Plaintiffs did not respond within the period allowed, nor did they seek leave to extend the time to file.

**APPLICABLE LAW**

Rule 41(b) of the Federal Rules of Civil Procedure allows for dismissal of claims based on failure of a plaintiff to prosecute or to comply with these rules or a court order. *Silvious v. RR Donnelley & Sons*, 5:10cv00116, 2011 WL 3846775, *2 (W.D.Va. August 29, 2011) (J. Urbanski) (citing *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989)). Moreover, it is well established that a district court has authority to dismiss a case, sua sponte, for failure to prosecute under the inherent authority possessed by district courts. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,'... necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")

While it is true that a *pro se* litigant is not held to the same high standards as an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 96. Accordingly, *pro se* litigants are also subject to the provisions of Rule 41.

In this case, it is undisputed and the undersigned finds that plaintiffs have failed to prosecute this action by failing to respond to defendant Johnson's May 22, 2012 motion to dismiss, or by otherwise indicating any interest in continuing to prosecute this action. The only question is whether this dismissal should be with or without prejudice.

3

"A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978) (citations omitted). When dismissing a case with prejudice, the court must consider (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice to the defendant caused by the delay; (3) plaintiff's history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Id.*

The fact that plaintiff Harris is *pro* se does not relieve him of the responsibility either to prosecute the case or comply with the orders and notices of the court. Moreover, plaintiff Harris Research is not relieved of such responsibility solely because it is not represented by counsel. This is not the first time these plaintiffs have endeavored to pursue these matters in the Western District of Virginia. As noted, they filed a previous action in Roanoke, which was dismissed without prejudice because they failed to establish service of process and failed to offer facts to support their claims. In the exercise of the court's discretion, they were permitted to re-file a new Complaint, with the understanding that it was to comply with the Federal Rules of Civil Procedure. Plaintiffs elected to file the very same handwritten Complaint to initiate this action.

It is the undersigned's view that both plaintiffs have been given ample opportunity to pursue this case in the appropriate fashion and simply have failed to take benefit of the opportunity to do so. As a result, defendant Johnson has suffered prejudice by having to secure counsel and seek dismissal for the reasons set forth in his motion and brief. The undersigned does not believe that the interests of justice are served by subjecting him to the continued risk of having to defend what heretofore have been claims without any stated substance. Accordingly, the undersigned RECOMMENDS that defendant Johnson's motion be GRANTED and plaintiffs' claims against him be dismissed with prejudice.

In his motion to dismiss, defendant Johnson called an issue to the court's attention concerning whether subject matter jurisdiction might be lacking. (Defendant Johnson's Memorandum of Law in support of his Motion to Dismiss, p. 3.) The undersigned notes that, while the Civil Cover Sheet indicates that the case invokes federal question jurisdiction, there are no allegations of fact by which subject matter jurisdiction can be gleaned. In fact, plaintiffs' claims for relief give every appearance of State law claims, in which event, complete diversity of citizenship is required. According to the Complaint, plaintiff Harris is a resident of Virginia, and some, if not all of the defendants, appear to be residents of Virginia as well.

The undersigned will issue an Order to the plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction, at which time the undersigned also will address the status of plaintiff Harris Research's efforts to proceed without counsel. By separate Order, these matters will be set before the undersigned on August 21, 2012 at 11:30 a.m. at the U.S. District Court in Harrisonburg, Virginia.

For the reasons set forth above, the undersigned RECOMMENDS that the presiding District Judge enter an Order GRANTING defendant Matthew S. Johnson's May 22, 2012 motion to dismiss all claims against him, and doing so with prejudice.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

5

Case 5:12-cv-00045-MFU-BWC Document 11 Filed 06/25/12 Page 5 of 6 Pageid#: 72

The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiffs.

ENTERED: _____
U. S. Magistrate Judge

6/25/12
Date