IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **MICHAEL HARRIS, et al.,** | ) | |
| | ) | |
|    Plaintiff, | ) | Civil Action No.: 5:12cv045 |
| | ) | |
| v. | ) | |
| | ) | |
| **JEFFREY SETO, et al.,** | ) | By: Hon. Michael F. Urbanski |
| | ) |     United States District Judge |
|    Defendant. | ) | |

## ORDER

In this fraud, breach of fiduciary duty, and corporate diversion action, Michael F. Harris ("Harris") and M. F. Harris Research, Inc. ("Harris Research") contend that a variety of persons and entities, ostensibly led by Jeffrey K. Seto, defrauded Harris by scheming to take over his company, steal confidential information, and divert corporate opportunities. The complaint itself consists of two handwritten pages alleging nine counts, none of which are explained to any degree or come close to being adequately pleaded under Rule 8 of the Federal Rules of Civil Procedure.[1] The civil cover sheet asserts subject matter jurisdiction based on a federal question. As to the nature of suit, plaintiff checked boxes "320 Assault, Libel & Slander," "385 Property Damage Product Liability," and "830 Patent."

---

[1] The bare-bones complaint attaches four documents consisting of a letter to Congressman Eric Cantor; a letter to a "Detective Thomas;" an August, 2007 Newsletter from M. F. Harris Research; and a print-out from the Virginia Courts Case Information database on a criminal prosecution of Jeffrey K. Seto in the Salem Circuit Court.

This action was filed in the Harrisonburg Division on April 25, 2012 and a summons was issued against defendant Matthew S. Johnson the same day. Defendant Johnson was served and subsequently filed a Motion to Dismiss for Failure to State a Claim.[2]

Defendant Johnson's motion to dismiss was referred to Hon. B. Waugh Crigler, United States Magistrate Judge, who issued a Report and Recommendation on June 25, 2012 recommending that this case be dismissed with prejudice for failure to prosecute.[3] The magistrate judge also issued a show cause order on the issue of the lack of subject matter jurisdiction and the inability of the corporation to proceed without counsel.

The court shares the magistrate judge's concerns regarding the lack of any allegation directed to the subject matter jurisdiction of the court. The complaint makes no reference to a violation of federal law warranting the exercise of federal question jurisdiction. As both plaintiff Harris and defendant Johnson are Virginia residents, federal court jurisdiction may not be predicated on diversity of citizenship grounds.

Accordingly, the court adopts in part the June 25, 2012 Report and Recommendation (Dkt. # 11). The court adopts the Report and Recommendation of dismissal inasmuch as the complaint is devoid of any suggestion of subject matter jurisdiction. The court declines, however, to adopt the portion of the Report and Recommendation dismissing the action with prejudice. In so doing, the court **GRANTS** defendant Matthew S. Johnson's Motion to Dismiss (Dkt. # 5) without prejudice.

---

[2] None of the other defendants have been served.

[3] Undergirding the magistrate judge's recommendation that this action be dismissed is the fact that this is the second time this complaint has been filed in this district. On May 15, 2009, plaintiffs filed the same handwritten complaint in the Roanoke Division of the Western District of Virginia. See Harris, et al. v. Seto, et al., Civil Action Number 7:09cv182. On September 28, 2009, the presiding district judge entered an order directing plaintiffs to file proof of service within thirty days. Plaintiffs did not comply with the order, and the case was dismissed without prejudice. On January 10, 2011, plaintiffs filed a motion to reopen the case, stating they had additional information as to the whereabouts of defendants in order to effect service. The court denied the motion, concluding that the complaint failed to state a claim.

As regards the Report and Recommendation dated September 17, 2012 concerning the dismissal of Harris Research as a party plaintiff, the court adopts the Report and Recommendation in its entirety and dismisses defendant Harris Research without prejudice as well.  In so doing, the court **GRANTS** plaintiff's motion to amend the complaint to dismiss Harris Research as a party plaintiff.  (Dkt. # 21.)

Plaintiffs are advised that should they choose to refile this case in the same form without adequate allegations of subject matter jurisdiction, sanctions, including monetary sanctions, may be imposed pursuant to Federal Rule Civil Procedure 11.

Accordingly, it is **ORDERED** that this case be and hereby is, **DISMISSED** without prejudice.

The Clerk is directed to send a copy of this Order to all counsel of record and plaintiff Harris and to strike this case from the active docket of the court.

Entered:  January 24, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

3